UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PHILLIP LAMONT COLEMAN, | Case No. 15-cv-3089 (PJS/HB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| TOM ROY, COMMISSIONER OF CORRECTION, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner Phillip Lamont Coleman's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241 [Doc. No. 1].[1] The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. This Court has conducted a preliminary review of Coleman's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Based on that review, this Court recommends dismissal of the petition.

---

[1] Coleman appears to be challenging a state-court judgment against him. His claim is therefore governed by 28 U.S.C. § 2254, even though he has used the form for a habeas petition brought under 28 U.S.C. § 2241. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (concluding an individual who is in custody pursuant to a judgment of a state court can obtain habeas relief only through § 2254, no matter how his petition may be labeled).

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Under § 2254(a) of the rules governing habeas cases, a habeas petitioner must be "in custody under a state-court judgment" for a United States District Court to have jurisdiction. Although "a prisoner need not be physically confined" to satisfy the requirement, a habeas petitioner is not "in custody" if the "sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (citing *Jones v. Cunningham,* 371 U.S. 236 (1963)) (emphasis in original). "Collateral consequences" of a conviction — such as the inability to vote, hold public office, or serve as a juror — do not satisfy the "in custody" requirement. *Id.* at 491-92. Federal courts have generally concluded that sex offender registration requirements "are merely collateral consequences of a conviction, and they do *not* cause a registered sex offender to be 'in custody' for purposes of § 2254(a)." *Stevens v. Fabian*, Civ. No. 08-1011 (ADM/AJB), 2009 WL 161216, at *10 (D. Minn. Jan. 22, 2009) (collecting cases) (emphasis in original).

According to his petition, Coleman was convicted for an offense in "1990,91 [sic]," but he appears to have been released, and does not appear to have been re-incarcerated. (Pet. at 8 [Doc. No. 1]; Mem. at 5 [Doc. No. 2] (providing a residential address in the signature line).) It is unclear from Coleman's petition whether he is currently on probation, parole, or some form of conditional release. Coleman cites to the Minnesota sex offender registration statute, Minn. Stat. § 243.166, under Grounds 2, 3, and 4 of his petition and refers to an "administrative procedure to register" in Ground 1.

If the sex offender registration requirement is the sole basis for Coleman's claim that he is "in custody" of state authorities, his habeas claim likely fails on this basis alone. *See Stevens*, 2009 WL 161216 at *2, 10.

Even if Coleman somehow satisfies the "in custody" requirement, however, a federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies. 28 U.S.C. § 2254(b), (c). To satisfy the exhaustion requirement, the individual must show that all of his federal constitutional claims have been fairly presented to the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). This requirement is explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A

petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999). A state prisoner seeking federal habeas relief is not required to have spelled out every nuance of his federal constitutional claims to the state courts. Nevertheless, if a claim is based on the federal constitution, the prisoner must "fairly present the facts and substance of his habeas claim to the state court." *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006); *accord McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

Coleman acknowledges in his habeas petition that he has not presented his claims to the Minnesota state courts for review. (Pet. at 3.) In explaining why he did not present his claims to the state courts, he cites to Federal Rule of Civil Procedure 60 (Pet. at 4), which is not applicable to a decision of a Minnesota state court, and in any event does not excuse a failure to exhaust state court remedies in the habeas context.

There are only two limited exceptions to the requirement that a habeas petitioner first exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(B). Neither exception applies here. First, there is no indication that state remedies were unavailable to Coleman. Second, there is no reason to believe that circumstances existed that would have rendered review by the Minnesota appellate courts ineffective to protect Coleman's rights. Accordingly, this Court recommends that Coleman's habeas petition be denied without prejudice for failure to exhaust state remedies.

One matter merits further comment. A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Coleman's current habeas corpus petition differently than it is being treated here. Coleman has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Coleman not be granted a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Coleman's petition for a writ of habeas corpus [Doc. No. 1] be **DENIED WITHOUT PREJUDICE** for failure to exhaust state remedies; and

2. No certificate of appealability be issued.

Dated: August 17, 2015        s/ *Hildy Bowbeer*
                              Hildy Bowbeer
                              United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of:
(1) 14 days after the objections are filed; or (2) from the date a timely response is filed.